Sabrina C. JACKSON, Plaintiff–Appellant,

v.

State of ALABAMA DEPARTMENT OF CORRECTIONS, Kim T. Thomas, individually and in his official capacity (terminated 2/18/2014) as Commissioner of the State of Alabama Department of Corrections, Leon Forniss, individually and in his official capacity (terminated 2/18/2014) as a Warden with the Alabama Department of Corrections, Defendants–Appellees.

No. 15–12441
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 22, 2016.

Russell Paul Parker, Law Office of Russell P. Parker, Birmingham, AL, for Plaintiff–Appellant.

Katherine Suzanne Jessip, Alabama Department of Corrections, Montgomery, AL, for Defendants–Appellees.

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Sabrina Jackson, a former employee of the Alabama Department of Corrections, appeals from the district court's grant of summary judgment in favor of the Alabama Department of Corrections ("the Department"), Leon Forniss, and Kim Thomas, ("the Defendants"), in her employment discrimination lawsuit alleging sexual harassment, racial discrimination, and retaliation, under Title VII, the Equal Protection Clause, the First Amendment, and 42 U.S.C. §§ 1981 and 1983. Jackson's complaint alleged that she was sexually harassed by Forniss, the warden of the prison where she was employed, and then terminated for complaining about that harassment and the treatment of inmates at Tutwiler Prison for Women. Jackson, a black female, also alleged that she was terminated for being in an altercation with a white coworker, whereas black employees involved in altercations with other black employees were not terminated.

On appeal, Jackson argues that the district court erred in determining that the sexual harassment that she alleged was not sufficiently severe or pervasive to establish a claim for a hostile work environment, or sufficiently causally connected with her termination to establish a claim for a tangible employment action. Jackson further argues that the district court erred in granting summary judgment on her retaliation and discrimination claims because the record creates a genuine question of material fact as to whether the

Department's proffered reason for her termination, namely, that Jackson was the aggressor in a physical altercation with a coworker, was pretextual.

We review the district court's grant of summary judgment *de novo. Williams v. BellSouth Telecom., Inc.,* 373 F.3d 1132, 1134 (11th Cir.2004). Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(a). A genuine factual dispute exists if the jury could return a verdict for the non-moving party. *Wilson v. B/E Aerospace, Inc.,* 376 F.3d 1079, 1085 (11th Cir.2004). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1181 (11th Cir. 2005).

## I.

Jackson first argues that the sexual harassment she faced was sufficiently frequent and severe to create a hostile working environment, and, even if it was not, she could establish a claim for sexual harassment under the theory of a tangible employment action. Because the elements and analysis of a sexual harassment claim is identical under Title VII and the Equal Protection clause, we jointly analyze both claims under the applicable Title VII law. *See Hardin v. Stynchcomb,* 691 F.2d 1364, 1369 n. 16 (11th Cir.1982)

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race or sex. 42 U.S.C. § 2000e–2(a)(1). Sexual harassment can constitute discrimination based on sex for purposes of Title VII. *Johnson v. Booker T. Washington Broad. Serv., Inc.,* 234 F.3d 501, 508 (11th Cir.2000). Our cases describe that sexual harassment claims may arise in two forms: through a tangible employment action, such as a pay decrease, demotion, or termination, or through the creation of a hostile work environment caused by sexual harassment that is sufficiently severe or pervasive to alter the terms and conditions of employment. *Baldwin v. Blue Cross/Blue Shield of Ala.,* 480 F.3d 1287, 1300 (11th Cir.2007).

To establish a sexual harassment claim based on a theory of hostile work environment, a plaintiff must show: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the harassment was based on a protected characteristic; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or direct liability. *Johnson,* 234 F.3d at 508.

Harassment is severe or pervasive for Title VII purposes only if it is both subjectively and objectively severe and pervasive. *Id.* at 509. Harassment is subjectively severe and pervasive if the complaining employee perceives the harassment as severe and pervasive, and harassment is objectively severe and pervasive if a reasonable person in the plaintiff's position would adjudge the harassment severe and pervasive. *Id.* In determining whether harassment is objectively severe or pervasive, courts consider the frequency of the conduct; the severity of the conduct; whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and whether the conduct unreasonably interferes with the employee's job performance. *Id.*

Termination will support a tangible employment action claim only if it was caused by discrimination. *Baldwin,* 480 F.3d at 1300. If the alleged harasser makes the decision to terminate, an inference arises that there is a causal link between the harasser's discriminatory animus and the employment decision. *Llampallas v. Mini–Circuits, Lab, Inc.,* 163 F.3d 1236, 1247 (11th Cir.1998). If the harasser was not the decisionmaker, the plaintiff cannot benefit from that inference of causation. *See id.* at 1248.

■ As the basis for her sexual harassment claim, Jackson alleges the following instances of harassment over the roughly three months that she worked with Forniss: (1) on three or four occasions, Forniss ordered her to sit near him after tightening his pants around his crotch, displaying the outline of his genitals; (2) on two occasions, Forniss stood close enough behind her while she was sitting at the computer that she could feel his breath on the back of her neck; and, (3) on about four occasions, he told her she looked good or smelled good.

On review of the record, drawing all reasonable inferences in the light most favorable to Jackson, the nonmoving party, we find that no reasonable jury could conclude that this conduct was sufficiently severe or pervasive to amount to a hostile work environment.

■ As to Jackson's tangible employment action theory, she does not get the benefit of the inference created by the harasser and decisionmaker being the same person, because Forniss was not the decisionmaker. *See Llampallas,* 163 F.3d at 1247. Furthermore, Jackson cannot establish that her termination was causally related to her rejection of Forniss's alleged sexual advances because she was terminated by another decisionmaker after a full and independent investigation that concluded that she was the aggressor in an altercation with a coworker, and other witnesses corroborated all or part of her coworker's version of the altercation.

On review of the record, drawing all reasonable inferences in favor of Jackson, we find that no reasonable jury could conclude that Jackson was terminated for rebuffing Forniss's alleged sexual advances. Therefore, the district court did not err in granting summary judgment to the Defendants on Jackson's sexual harassment claims.

II.

Jackson next argues that the district court erred in granting summary judgment to the Defendants on her retaliation and race discrimination claims under Title VII and the First Amendment because the evidence she presented raised a genuine question of material fact as to whether the Department's proffered reason for her termination was pretextual. As evidence of pretext, Jackson argues that she was not provided an opportunity to tell her side of the story; that the Department's policies recommend suspension, rather than termination, for a first offense of fighting; and that Jackson was treated differently than the similarly situated white coworker with whom she fought. Jackson also points to altercations between black employees in which neither employee was fired as raising a genuine question of material fact as to whether the reasons given for her termination were pretextual.

Under the First Amendment, whether a public employee suffered retaliation is determined by reference to a four part test. *Morgan v. Ford,* 6 F.3d 750, 754 (11th Cir.1993). First, a court must determine "whether the employee's speech may be fairly characterized as constituting speech on a matter of public concern." *Id.* (inter-

nal citations omitted). Second, if the speech is a matter of public concern, the court must then weigh "the employee's first amendment interests against the interest of the state, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.* Third, it must then examine whether the plaintiff has established that the speech played a "substantial part" in the employer's decision to discharge the employee. *Id.* Fourth, if the court determines that the plaintiff has presented sufficient evidence to establish that the speech was a substantial motivating factor in the subsequent employment decision, "the state must prove by a preponderance of the evidence that it would have reached the same decision even in the absence of the protected conduct." *Id.*

Title VII provides that it shall be an unlawful employment practice for an employer to discriminate against any employee for opposing any practice made unlawful by Title VII, or for making a charge under Title VII. 42 U.S.C. § 2000e–3(a). The burden of proof in Title VII retaliation and disparate treatment cases is governed by the framework established in *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that framework, once a plaintiff has established a *prima facie* case of retaliation, the burden shifts to the defendant to rebut the presumption of retaliation by producing legitimate reasons for the adverse employment action. *Wilson,* 376 F.3d at 1087. If the defendant carries that burden, the plaintiff must demonstrate that the defendant's proffered reason was merely a pretext to mask retaliatory actions. *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 919 (11th Cir.1993).

To establish a *prima facie* case of retaliation, a plaintiff must show that she engaged in protected activity, suffered an adverse action, and that a causal connection existed between the two. *Bryant v. Jones,* 575 F.3d 1281, 1307–08 (11th Cir. 2009). To establish a *prima facie* case of disparate treatment, a plaintiff must show that: (1) she was a member of a protected class; (2) she was qualified to do the job; (3) she was subjected to an adverse employment action; and (4) she was treated less favorably than similarly situated individuals outside her protected class. *Burke–Fowler v. Orange Cty., Fla.,* 447 F.3d 1319, 1323 (11th Cir.2006). To make a comparison of the plaintiff's treatment to that of non-minority employees, the plaintiff must show that she and the other employees are similarly situated in "all relevant respects." *Holifield v. Reno,* 115 F.3d 1555, 1562 (11th Cir.1997). In determining whether employees are similarly situated for purposes of establishing a *prima facie* case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways. *Id.*

The inquiry into pretext centers on the employer's beliefs, not the employee's beliefs. *Alvarez v. Royal Atl. Developers, Inc.,* 610 F.3d 1253, 1266 (11th Cir.2010). A plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason, as long as the reason is one that might motivate a reasonable employer. *Pennington v. City of Huntsville,* 261 F.3d 1262, 1267 (11th Cir.2001).

■ Assuming, without deciding, that Jackson could establish a *prima facie* claim of discrimination, we do not believe that a reasonable jury could find that the Departments proffered reason for terminating Jackson was pretextual. The record indicates that the Department's policies included an option to enhance punishment in light of aggravating circumstances, which was used here.

Furthermore, Jackson and the white coworker were not similarly situated, because Jackson does not claim that her coworker ever hit her, and they were not similar in their conduct or culpability. *See Holifield,* 115 F.3d at 1562. Jackson has presented no evidence that there were any physical altercations between black employees where neither employee was fired, other than overheard conversations and gossip, and such speculation is insufficient to create a genuine issue of material fact. *See Cordoba,* 419 F.3d at 1181.

The defendants presented sufficient evidence to show that they reasonably believed that she was the aggressor in the altercation, and it is the employer's beliefs that are relevant. *See Alvarez,* 610 F.3d at 1266; *Pennington,* 261 F.3d at 1267. A reasonable jury could not conclude that the Departments proffered reason for terminating Jackson was pretextual. Therefore, the district court did not err in granting summary judgment on Jackson's race discrimination and retaliation claims

For similar reasons, Jackson's First Amendment retaliation claim fails. Even assuming that Jackson's complaints are a matter of public concern, that she prevails on the balancing test, and that her speech was a substantial motivating factor in her termination, a reasonable jury would have to conclude that the defendants would have terminated Jackson even in the absence of her complaints.

**AFFIRMED.**